**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AW LICENSING, LLC and ALEXANDER WANG, INC., :<br><br>Plaintiffs, :<br><br>v. :<br><br>WANG BAO d/b/a ALEXANDERWANGROCCOBAG.COM; LIN XIAO LIN d/b/a ALEXANDERWANG101.COM; PHYLISS MICHAEL d/b/a IALEXANDERWANG.COM; LINDA DAHAI d/b/a ALEXANDER-WANG.US; XIAO CHEN d/b/a HIGOODBAGS.COM; SUHADI STEV d/b/a FASHIONCODE.COM.AU; LI NING d/b/a/ 1HANDBAGMALL.COM; ZENG ZHAO HUI d/b/a 7STARPERFECTBAGS.COM; RAIN d/b/a HELLOREPLICAHANDBAGS.COM; DONNA GERSE d/b/a BESTYBAGSONLINE.COM; and XYZ COMPANIES, JOHN DOES, AND JANE DOES, :<br><br>Defendants. : | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>January 11, 2016</u><br><br><br><br>**Civil Action 15-cv-1373 (KBF)**<br><br><u>REVISED OPINION & ORDER ON DEFAULT</u>[1] |

Plaintiffs AW LICENSING, LLC and ALEXANDER WANG, INC.

(collectively, "Alexander Wang" or "Plaintiffs"), having commenced this action

against WANG BAO d/b/a ALEXANDERWANGROCCOBAG.COM; LIN XIAO LIN

d/b/a ALEXANDERWANG101.COM; PHYLISS MICHAEL d/b/a

---

[1] This opinion corrects and replaces the Court's October 29, 2015 Default Judgment Order. (ECF No. 56.) The title of that order may have caused the parties confusion. Neither that order nor this order is a final appealable judgment, as the issue of damages remains to be decided.

IALEXANDERWANG.COM; LINDA DAHAI d/b/a ALEXANDER-WANG.US; XIAO

CHEN d/b/a HIGOODBAGS.COM; SUHADI STEV d/b/a

FASHIONCODE.COM.AU; LI NING d/b/a/ 1HANDBAGMALL.COM; ZENG ZHAO

HUI d/b/a 7STARPERFECTBAGS.COM; RAIN d/b/a

HELLOREPLICAHANDBAGS.COM; DONNA GERSE d/b/a

BESTYBAGSONLINE.COM; and XYZ COMPANIES, JOHN DOES, AND JANE

DOES, d/b/a the aliases identified in Exhibit 1 hereto (collectively, "Defendants") for

trademark counterfeiting and cybersquatting arising under the Trademark Act of

1946, 15 U.S.C. §§ 1051 *et seq.,* as amended by the Trademark Counterfeiting Act of

1984, Pub. L. 98-473 (October 12, 1984), the Anti-Cybersquatting Consumer

Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing

Resources and Organization for Intellectual Property Act of 2007, H.R. 4279

(October 13, 2008) (the "Lanham Act") and this Court having original jurisdiction

over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15

U.S.C. §§ 1116 and 1121;

The Court having issued a Temporary Restraining Order on March 3, 2015

(ECF No. 10) ("TRO"), a Preliminary Injunction Order on April 1, 2015 (ECF No. 8)

("PI Order"), and a Supplemental Preliminary Injunction Order on August 7, 2015

(ECF No. 44) ("Supp. PI Order"), upon finding that Defendants were manufacturing,

importing, distributing, advertising, offering for sale and/or selling, via the websites

listed in Exhibit 1 hereto (the "Infringing Websites"), goods bearing counterfeit

reproductions the ALEXANDER WANG trademark as identified in the Complaint

in this action (ECF No. 13) (the "Complaint") and incorporated herein by reference (the "ALEXANDER WANG Mark"), which ALEXANDER WANG Mark is owned and/or controlled by Alexander Wang and used in connection with products listed in Alexander Wang's Complaint incorporated herein by reference (collectively, the "Alexander Wang Products");

Defendants having each been properly served with the Summons and Complaint on March 7, 2015 (See PI Order, p. 5.);

Defendants and Third Party Service Providers, as hereinafter defined, having each been properly served with the PI Order on April 20, 2015, and the Supp. PI Order on August 7 through August 12, 2015 (Declaration of James H. Donoian, dated August 18, 2015 ("Donoian Decl."), ¶ 6);

The Clerk of Court having entered a Certificate of Default against Defendants on September 17, 2015 (ECF No. 50); and

Alexander Wang having moved for final default judgment under Fed. R. Civ. P. 55(b) and the Court having reviewed Plaintiffs' Memorandum of Law in Support of Plaintiffs' Application for a Default Judgment and Permanent Injunction, dated September 27, 2015, the Donoian Decl., and Alexander Wang having shown, inter alia, the following:

1.   Alexander Wang owns all right, title and interest in and to the ALEXANDER WANG Mark in connection with Alexander Wang Products and the ALEXANDER WANG Mark is valid, protectable and entitled to protection; and

2.   The ALEXANDER WANG Mark is distinctive and famous; and

3

3.   Defendants are manufacturing, distributing, offering for sale and/or selling counterfeit products — including, *inter alia*, handbags, footwear, apparel and accessories —bearing counterfeits of the ALEXANDER WANG Mark ("Counterfeit Products") to buyers in the United States, including in this District; and

4.   These counterfeit products are likely to cause consumers confusion as to the origin or sponsorship of the defendants' goods; and

5.   Defendants are selling Counterfeit Products by operating a network of Infringing Websites, including, without limitation, domain names containing the ALEXANDER WANG Mark (the "Infringing Domain Names"); and

6.   Defendants' Infringing Domain Names are identical or confusingly similar to the ALEXANDER WANG Mark; and

7.   Defendants registered, used, or trafficked in the Infringing Domain Names with bad faith intent to profit from the ALEXANDER WANG Mark; and

8.   Defendants have sought to conceal their identities and their proceeds obtained from their unlawful action from detection including by using multiple false identities and addresses associated with their operations as purposely-deceptive contact information; and

9.   Defendants have failed to comply with the TRO and PI Orders, the Court therefore:

HEREBY FINDS that each Defendant is liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114, 1117 and cybersquatting

under 15 U.S.C. § 1125(d)(1); and this Default Judgment is entered against each

Defendant.

A separate ruling on damages shall follow.


SO ORDERED.

Dated:        New York, New York
              January 11, 2016


_____
            KATHERINE B. FORREST
            United States District Judge

cc:    Sung Hwan Yannacci
       PSC 3, Box 1322
       APO AP 96266